**FILED**

JAMES J. VILT, JR. - CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JUN 14 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                          CRIMINAL NO. 3: 23-CR-57-CRS

DUSTIN STUMP                                                               DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, Dustin Stump, and his attorney, Brian Butler, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 18, United States Code, Section 922(g)(1).  Defendant further acknowledges that the Indictment in this case seeks forfeiture of an American Tactical, 12-gauge shotgun, bearing serial number 0517230101004192 and ammunition pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461 by reason of the offense charged in the Indictment.

2.      Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count 1 in this case.  Defendant will plead guilty because he is in fact guilty of the charge.  The parties agree to the following factual basis for this plea:

On or about May 4, 2023 in the Western District of Kentucky the Defendant possessed an American Tactical, 12 gauge shotgun and ammunition that had travel in interstate commerce.  The Defendant is a convicted felon and was aware that he was prohibited from possessing firearms.

4.        Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 15 years, a maximum fine of $250,000, and a 3-year term of supervised release.  Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.        Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty.  In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law.  Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status.  Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.        Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

2

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to

the sentencing process, and to respond to all legal or factual inquiries that might arise either

before, during, or after sentencing.  Defendant admits all acts and essential elements of the

indictment counts to which he pleads guilty.

        9.      Defendant acknowledges liability for the special assessment mandated by 18

U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses to

the United States District Court Clerk's Office by the date of sentencing.

        10.     At the time of sentencing, the United States will

> -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range.

> -recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

> -recommend a reduction of 2 or 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.  Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

> -demand forfeiture of an American Tactical, 12-gauge shotgun, bearing serial number 0517230101004192 and ammunition.

        11.     Both parties have independently reviewed the Sentencing Guidelines applicable in

this case, and in their best judgment and belief, conclude as follows:

> A.     The parties believe the applicable offense level to be:

> 14 pursuant to USSG §2K2.1(a)(6)(A).

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

B.      The Criminal History of defendant shall be determined upon

completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).

Both parties reserve the right to object to the USSG §4A1.1 calculation of

defendant's criminal history.

C.      The foregoing statements of applicability of sections of the

Sentencing Guidelines and the statement of facts are not binding upon the Court.

The defendant understands the Court will independently calculate the Guidelines

at sentencing and defendant may not withdraw the plea of guilty solely because

the Court does not agree with either the statement of facts or Sentencing

Guideline application.

12.   Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18
   U.S.C. § 3742 affords a defendant the right to appeal the sentence
   imposed.  Unless based on claims of ineffective assistance of counsel or
   prosecutorial misconduct, the Defendant knowingly and voluntarily waives
   the right to directly appeal his conviction and the resulting sentence pursuant
   to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his
   conviction and the resulting sentence under 28 U.S.C. § 2255 or
   otherwise.  Unless based on claims of ineffective assistance of counsel or
   prosecutorial misconduct, Defendant knowingly and voluntarily waives any
   collateral attack argument; and

C. The Defendant knowingly and voluntarily waives the option to file a motion
   to have his sentence modified pursuant to 18 U.S.C. § 3582(c), except for a
   rule 35(b) motion filed by the government or a motion for compassionate
   release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G
   §1B1.13 until such provision is modified by the Sentencing Commission, filed
   by the defendant.

5

13.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed.  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

14.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense[s] covered by this Agreement.

15.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.  Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

17.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

18.     The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

19.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats

been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____        June 13, 2023
Joshua R. Porter                             Date
Assistant United States Attorney

     I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_____        June 13, 2023
Dustin Stump                                 Date
Defendant

     I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____        June 13 2023
Brian Butler                                 Date
Counsel for Defendant

MAB:JRP

8