UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                    CRIMINAL ACTION NO. 3:23-CR-57-CRS

DUSTIN STUMP                                              DEFENDANT

**SENTENCING MEMORANDUM**
*ELECTRONICALLY FILED*

Comes the Defendant, Dustin Stump, by and through counsel, Brian Butler, and hereby

submits the following sentencing memorandum in support of a 24 month sentence:

Dustin Stump ("Dustin") pled guilty to possession of a firearm by a convicted felon.  The

Presentence Investigation Report ("PSI") calculates Dustin's United States Sentencing Guideline

("Guidelines") range at 46-57 months.  Based upon the plea agreement, Dustin's Guideline

objection and the application of the factors in 18 U.S.C. § 3553(a), the undersigned respectfully

requests the Court sentence Dustin to 24 months.

<u>GUIDELINE OBJECTION</u>

Dustin pled guilty to possessing a 12 gauge shotgun that had moved in interstate

commerce.  Police also found an AM-15 rifle but the AM-15 was manufactured in Kentucky and,

therefore, did not move in interstate commerce.  In paragraph 11 of the plea agreement, the

parties stated that they believed the applicable offense level was 14.

United States Probation concluded that the AM-15 should be counted as relevant conduct

which increased the base offense level to 20.  We objected.

Relevant conduct typically punishes defendant's for additional *illegal* conduct.  For

example, a drug trafficking defendant pleading guilty to an offense involving a single drug

1

transaction but the investigation revealed multiple additional drug transactions which can potentially increase the total drug quantity. In our case, possession of the AM-15 was not illegal under federal law and, therefore, should not be used to raise Dustin's Guideline level by six (6) levels.

In *United States v. Campbell,* 372 F.3d 1179 (10th Cir. 2004), the United States charged the defendant with being a felon in possession of seven (7) firearms. The defendant was awarded a four (4) level enhancement for having eight (8) firearms based upon possessing an additional rifle that did not move in interstate commerce. The Court held that the rifle in question was not properly counted toward the number of weapons for determining whether a four (4) level enhancement was appropriate because the rifle did not move in interstate commerce.

Moreover, *if* the AM-15 would have moved in interstate commerce Dustin would qualify for a specific offense reduction to a base offense level of 6 as it relates to the Am-15 rifle. *See § 2K2.1 (b)(2).* Law enforcement found the AM-15 at Dustin's house but the rifle belonged to Dustin's grandfather. Mr. Aldridge, Dustin's grandfather, advised ATF that Dustin came out to his home to shoot the rifle with him for recreational purposes. Mr. Aldridge advised that he and Dustin target practiced with the rifle. Dustin took the weapon to clean it for his grandfather.

Dustin also advised ATF that he did target shooting with his grandfather and brought the rifle home to clean. In the course of Dustin's interview, the ATF agent acknowledged finding target practice targets in Dustin's truck.

ATF agents also interviewed Dustin's mother and wife. Both confirmed that Dustin went to his grandfather's home to recreationally shoot the AM-15 with his grandfather and had brought the rifle home to clean.

2

As such and in the alternative, if the AM-15 can properly be considered as relevant conduct, the base offense level for the AM-15 would be six (6), not 20, because Dustin's possession of the AM-15 was solely for sporting purposes pursuant to § 2K2.1 (b)(2).  *See United States v. Lewitzke*, 176 F.3d 1022, 1028 (7th Cir. 1999) and *United States v. Bossinger*, 12 F.3d 28, 30 (3rd. Cir. 1993) (finding that target shooting is a "lawful sporting purpose" pursuant to § 2K2.1 (b)(2)).  The aforementioned witness statements all support the recreational use reduction if the Court concludes that the AM-15 is properly considered as relevant conduct.  As such, even if the AM-15 were properly included as relevant conduct the base offense level should still be 14 as recommended by the parties in the plea agreement.

Wherefore, the base offense level should be 14 and Dustin should receive a two (2) level reduction for acceptance of responsibility leaving a total offense level of 12 with a corresponding Guideline range of 27-33 months.

<u>APPLICATION OF 18 U.S.C. § 3553(a)</u>

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply the delineated sentencing considerations.

A.  <u>Nature and Circumstances of the Offense.</u>

Police located a 12 gauge shotgun at Dustin's residence.  The shotgun belonged to Dustin's grandfather.  He took the weapon home to clean.

Dustin has previously been convicted of felony offenses.

B.  <u>Personal History and Characteristics.</u>

Dustin has a loving family with whom he maintains a close relationship.  Dustin is married and he has a fantastic relationship with his wife's children.  Dustin's wife is a drug and

alcohol counselor with Prodigal Ministries in Crestwood, Kentucky. Their oldest child started college at the University of Kentucky this Fall. Dustin is committed to his family and wants to get out as soon as possible to help support his family.

Since fighting for and obtaining his sobriety, Dustin has been gainfully employed. He worked for two years as a fork lift driver at Tower Automotive. At the time of his arrest, he was working as a chimney sweep at ACE Chimney Sweep. He is determined to maintain employment in order to provide for his family.

Dustin's commitment to his family and to his sobriety is remarkable given his terrible childhood circumstances. Dustin's father was murdered when he was seven (7) years old. His mother struggled with drug addiction. As a child, he lived with hunger and was repeatedly exposed to domestic abuse. He witnessed frequent drug use. He described his home life as chaotic with different men living at his home then leaving only to be replaced by another man. He moved so frequently he never truly felt like he had a home. As a result, Dustin dropped out of high school in the 9th grade. Dustin's childhood was entirely dysfunctional.

Dustin coped with his childhood trauma by turning to substance abuse. He began drinking and taking pain pills at a young age. His substance abuse progressed to alcoholism, opiates and methamphetamine. His substance abuse is directly correlated to nearly all of his criminal history.[1] However, Dustin took advantage of his incarceration and completed the intensive Kentucky Substance Abuse Program ("SAP") in 2020 and subsequently attended outpatient drug treatment through Astra in Bardstown.

---

[1] PSI paragraphs 31, 32, 34, 37, and 38 document criminal convictions where the narrative references a component of substance abuse. These convictions account for 8 out Dustin's 11

4

The attached character letters demonstrate the strides that Dustin has made.  His mother wrote, "The man my son is today is unrecognizable to the man he was 5 years ago." *Exh. 1.* Dustin's wife wrote, "He is a family man.  A provider.  He is caring, kind, and compassionate. My husband is a good man." *Exh. 2.*  Jennifer Partin, Director of Prodigal Ministries, wrote, "I have known Dustin for over 2 years and only known him to be a loving husband and stepfather, a dutiful son, and hard worker to support his family." *Exh. 3.* Sharon Bryan, a co-worker at Tower Automotive, wrote, "Dustin is a good person.  He has always been kind, hardworking, and willing to help others when needed…Dustin has been reliable, trustworthy, and has treated everyone with respect. *Exh. 4.*  Christy Clark, owner of Mammy's Kitchen, wrote, "Dustin represents the person who has changed his life and has become the upstanding young man he was always meant to be …" *Exh. 5.*

Given the aforementioned, a 24 month sentence is sufficient but not greater than necessary.

C.   Criminal History

Dustin's criminal history was properly calculated.  However, a criminal history category V is over-representative of his past conduct.  As previously stated, 8 of his 11 criminal history points are directly correlated with substance abuse and all of his criminal history occurred prior of Dustin obtaining sobriety.  Defendants with substance abuse issues frequently have numerous smaller cases which drive criminal history scores high and their criminal scores do not necessarily reflect a true criminal attitude or disposition.  As such, defendants, such as Dustin, who obtain sobriety often do not repeat criminal conduct.

criminal history points.  All of his criminal convictions occurred when he was in the throes of

Additionally, nuance differences between state practice and federal Guidelines can increase a defendant's criminal history.  For example, Dustin received 2 points for possession of a controlled substance in the third degree because his misdemeanor sentence was revoked.  But the sentence was revoked on the same day that he was sentenced to prison on a felony offense.  By operation of law, those sentences run concurrent so it was beneficial in state court for Dustin to have his misdemeanor conditional discharge sentence revoked.  But what was beneficial to Dustin in state court hurt him in federal court and increased his criminal history score.

In sum, a criminal history category V is over-representative and further supports sentencing Dustin to 24 months.

D.      Need for the Sentence Imposed.

A sentence of 24 months reflects the seriousness of the offense.  Our suggested punishment reflects that Dustin should have known better given his past criminal problems but it also reflects that Dustin did not own this shotgun or possess it in connection with another offense.

Our requested sentence also satisfies the deterrence criteria.  Dustin is specifically deterred.  He confessed to law enforcement and quickly accepted responsibility by pleading guilty.  General deterrence is also satisfied by a sentence of 24 months given the aforementioned § 3553 factors.

WHEREFORE, Dustin Stump respectfully requests that the Court sentence him to 24 months.

---

addiction.

Respectfully submitted,

*/s/ Brian Butler*
Brian Butler
Stites & Harbison PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
(502) 594-1802
bbutler@stites.com

*Counsel for Defendant, Dustin Stump*

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a copy of the foregoing Sentencing Memorandum was electronically filed on September 14, 2023, with service to counsel of record.

*/s/ Brian Butler*
Brian Butler
Attorney at Law