UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:23-CR-57-CRS |
| **DUSTIN STUMP** | DEFENDANT |

SENTENCING MEMORANDUM
-Filed Electronically-

Comes the United States of America, by counsel, Assistant United States Attorney Joshua R. Porter, and files its sentencing memorandum in this action currently scheduled for a sentencing hearing on September 26, 2023. The United States has received and reviewed the Presentence Investigation Report (PSR) for the above-named defendant. The United States has no objections to the PSR. In addition, the United States will not call any witnesses.

FACTUAL BACKGROUND – OFFENSE CONDUCT

The United States agrees with the factual background and offense conduct as set forth in the PSR (DN 20).

GUIDELINE LEVEL CALCULATION

The United States agrees with the PSR that the total Guideline Offense Level calculation should be 17. (Id. at ¶ 24, Page ID# 72).

CRIMINAL HISTORY

The United States agrees with the criminal history calculation prepared by the United States Probation Office of a Criminal History Category V. (Id. at ¶ 40, Page ID# 76).

SENTENCING FACTORS

This Court must impose a sentence for Mr. Stump which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

    . . .

(5) any pertinent policy statement--

    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

As this Court is aware, this is a plea pursuant to Federal Criminal Rule 11(c)(1)(B). At sentencing, the United States will request this Honorable Court to set a sentence of imprisonment of 46 months imprisonment and a 3-year term of supervised release. This request is in keeping with the plea agreement. The United States does acknowledge that the guideline calculation in the PSR is higher than what both parties had anticipated before entering into the plea agreement. The

United States believes that the requested sentence will satisfy the factors set forth in 18 U.S.C. § 3553(a)(2).

## CONCLUSION

WHEREFORE, based on the reasons set forth above, the United States respectfully requests the Court to impose a sentence in keeping with the plea agreement.

        Respectfully submitted,

        MICHAEL A. BENNETT
        United States Attorney

        *s/Joshua R. Porter*
        Joshua R. Porter
        Assistant United States Attorney
        717 West Broadway
        Louisville, Kentucky  40202
        PH:  (502) 779-2759
        Cell: (502) 537-2038
        Email: joshua.porter@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that on September 18, 2023, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the counsel for defendant.

        */ s/ Joshua R. Porter*
        Joshua R. Porter
        Assistant United States Attorney